UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MELANIE LOGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:18 CV 373 CDP |
| | ) | |
| VALVOLINE LLC, d/b/a | ) | |
| Valvoline Instant Oil Change, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# **MEMORANDUM AND ORDER**

When defendant Valvoline LLC removed this matter from state court to this Court, it had information that the amount in controversy met or exceeded the jurisdictional threshold required for this Court to have original subject-matter jurisdiction over plaintiff Melanie Logan's claims. Logan now seeks to belatedly respond to interrogatories and requests for admissions, which, she claims, would destroy federal subject-matter jurisdiction. Logan also seeks to remand the case to state court. I will grant Logan leave to respond to defendants' discovery out of time. But because her proffered responses do not destroy this Court's jurisdiction, I will deny her motion to remand.

Logan brings this action in two counts, claiming first that defendant Volkswagen Groups of America violated the Magnuson-Moss Warranty—Federal Trade Commission Improvement Act (MMWA), 15 U.S.C. §§ 2301, *et seq.*, when

Volkswagen failed and refused to cover the cost of necessary repairs to Logan's vehicle in contravention of its written express warranties obligating it to provide coverage; and second, that defendant Valvoline made misrepresentations and failed to disclose material facts in relation to its maintenance of Logan's vehicle, in violation of the Missouri Merchandising Practices Act (MMPA), Mo. Rev. Stat. § 407.020. As to Logan's MMWA claim against Volkswagen, Logan seeks the full purchase price of the vehicle, which is pled to be $32,000; collateral charges; finance charges; incidental and consequential damages; costs and expert fees; and attorney's fees. As to her MMPA claim against Valvoline, Logan seeks compensatory damages, costs, and attorney's fees. No specific amount of requested relief for either claim is stated in the petition.

For a federal court to have subject-matter jurisdiction over an MMWA claim, the amount in controversy must exceed $50,000. 15 U.S.C. § 2310(d)(3). Diversity jurisdiction requires an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a).

On January 8, 2018, while this action was pending in state court, Valvoline served its first request for admissions and its first set of interrogatories to Logan. In the propounded admissions, Valvoline asked Logan to first admit that her "alleged damages in this Petition exceed $50,000.00, exclusive of interest and costs" and then to admit that her "alleged damages in this Petition exceed

$75,000.00 exclusive of interest and costs." (ECF #12-1.) In its interrogatories, Valvoline asked Logan to itemize and state the dollar amount of damages for each element of each claim and, further, to provide all bases supporting her assertion that the claims do not exceed $50,000 or $75,000. (ECF #12-2.) Logan did not respond to these discovery requests. If a party in a Missouri state court fails to respond to requests for admissions within thirty days of service, each matter is deemed admitted. Mo. S. Ct. R. 59.01. Considering Logan's failure to respond to Valvoline's request for admissions, Valvoline considered Logan to have admitted that her alleged damages exceeded $50,000 as well as $75,000. On March 6, 2018, Valvoline removed the matter to this Court.

In removal cases, I must review the complaint or petition pending at the time of removal to determine the existence of subject-matter jurisdiction. *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 291 (1938). I may also look to the notice of removal to determine jurisdiction. 28 U.S.C. § 1446(c)(2)(A). The removing defendant, as the party invoking jurisdiction, bears the burden of proving by a preponderance of the evidence that all prerequisites to jurisdiction are satisfied at the time of removal. *Schubert v. Auto Owners Ins. Co.,* 649 F.3d 817, 822 (8th Cir. 2011) ("axiomatic [that] the court's jurisdiction is measured at the time . . . of removal."); *Central Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.,* 561 F.3d 904, 912 (8th Cir. 2009) (removing

party has burden of establishing jurisdiction). "Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009).

Given that at the time of removal, Logan was deemed to have admitted that her damages exceeded the jurisdictional thresholds for federal question jurisdiction under the MMWA and for diversity jurisdiction, Valvoline satisfied its burden of demonstrating that federal subject-matter jurisdiction existed over Logan's claims. Therefore, remand is appropriate only if Logan can establish by a legal certainty that the amount in controversy is less than the minimum requirement(s). Logan has failed to meet this burden.

Logan proffers her answers to Valvoline's interrogatories wherein she avers that she seeks damages in an amount not exceeding $39,500 and additionally seeks attorney's fees and costs. In her proffered responses to Valvoline's requests for admissions, Logan avers as follows: "Plaintiff DENIES that the alleged damages exceed $50,000.00, exclusive of interest and costs, but including attorneys' fees, as of March 7, 2018. Plaintiff ADMITS that the alleged damages, including attorney's fees, could exceed $50,000.00 at the time of trial of this matter." (ECF #17-2.) This proffered response is given to both requests for admissions, that is, to

the request regarding $50,000 and the request regarding $75,000.

"[A]ttorney's fees are excluded from the calculation of the jurisdictional minimum necessary for a federal court's exercise of jurisdiction over an MMWA claim." *Mishra v. Coleman Motors, LLC*, No. 4:16CV01553 PLC, 2017 WL 994868, at *3 (E.D. Mo. Mar. 15, 2017) (citing *Scarlott v. Nissan N. Am. Inc.*, 771 F.3d 883, 887 (5th Cir. 2014); *Ansari v. Bella Auto Grp., Inc.*, 145 F.3d 1270, 1271-72 (11th Cir. 1998); *Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1069 (5th Cir. 1984); *Saval v. BL Ltd.*, 710 F.2d 1027, 1032-33 (4th Cir. 1983) (per curiam)). Statutory attorney's fees *are* considered, however, when determining the amount in controversy for diversity jurisdiction, *Rasmussen v. State Farm Mut. Auto. Ins. Co.*, 410 F.3d 1029, 1031 (8th Cir. 2005), and the MMPA authorizes attorney's fees if a plaintiff prevails. Mo. Rev. Stat. § 407.025(1).

With Logan's claimed actual and incidental damages totaling only $39,500, this Court lacks original federal question jurisdiction over Logan's MMWA claim. Her equivocal and vague response, however, that her damages combined with attorney's fees could exceed $50,000.00 at the time of trial does not establish by a legal certainty that the amount in controversy fails to meet the $75,000 threshold for diversity jurisdiction. I therefore conclude that this Court has original diversity jurisdiction over Logan's MMPA claim. Because I have original subject-matter jurisdiction over the MMPA claim, I may exercise supplemental jurisdiction over

the MMWA claim even though it could not have been originally brought in this Court. *Mishra*, 2017 WL 994868, at *8.

Accordingly,

**IT IS HEREBY ORDERED** that Melanie Logan's Motion for Extension of Time to Respond to Defendant Valvoline, LLC's Request for Admissions [16] is **GRANTED**. To the extent Logan seeks to withdraw her admissions, the motion is **DENIED**.

**IT IS FURTHER ORDERED** that Melanie Logan's Motion to Remand [10] is **DENIED.**

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 10th day of May, 2018.